Dear Mr. Wells:
You ask if the Rapides Parish Police Jury may appoint five of its members as the initial members of the recently created Mosquito Abatement District No. 1 of Rapides Parish. We conclude that this action is permissible.
In general, the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., do not prohibit a police juror from simultaneously holding an appointed part-time position such as commissioner of a mosquito abatement district. See the general prohibitions contained in R.S. 42:63(D) and (E).[1]
R.S. 42:64 prohibits dual officeholding or employment where the incumbent of one of the offices appoints incumbents to the other office. R.S. 42:64(A)(1) pertinently states:
 (A)In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1)The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent. (Emphasis added).
The above quoted section generally prohibits the members of a governing board from appointing themselves to a board over which the "parent" board retains appointive power. See Opinion 94-471, copy enclosed. However, the Rapides Parish mosquito abatement district is created by the police jury pursuant to R.S 33:7721[2] and falls within the exception of R.S.42:64(A)(1) quoted above. Because the mosquito abatement district is a creature of the parish, the board may include within its membership individuals who concurrently serve as police jurors because R.S. 42:64
specifically permits it. See also Attorney General Opinion 99-229, copy attached.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK/ams
Date Released: March 20, 2003
[1] R.S. 42:63(C) and (D) provide, respectively:
C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
[2] R.S. 33:7721 states:
The governing authority of any parish may by ordinance create mosquito abatement districts composed of any part or all of the territory lying wholly within the parish. Such districts shall be political and legal subdivisions of the state, with power to sue and be sued in their corporate names.